1  **BRYAN CAVE LLP**
   Deborah A. Goldfarb, California Bar No. 246061
2  Thomas S. Lee, California Bar No. 275706
   Two Embarcadero Center, Suite 1410
3  San Francisco, CA 94111-3907
   Telephone:     (415) 675-3400
4  Facsimile:     (415) 675-3434
5  E-Mail:        deborah.goldfarb@bryancave.com
                  tom.lee@bryancave.com
6
   **BRYAN CAVE LLP**
7  Stuart W. Price, California Bar No. 125918
   3161 Michelson Drive, Suite 1500
8  Irvine, CA 92612-4414
   Telephone:     (949) 223-7000
9  Facsimile:     (949) 437-8808
   E-Mail:        swprice@bryancave.com
10
11
   Attorneys for Defendant
12 JPMORGAN CHASE, N.A.

13

14                 **UNITED STATES DISTRICT COURT**

15               **NORTHERN DISTRICT OF CALIFORNIA**

16 CHRISTOPHER RUGGIERI, an individual,        Case No.

17                Plaintiff,
                                               **NOTICE OF REMOVAL OF CIVIL**
18        v.                                   **ACTION PURSUANT TO 28 U.S.C. §§**
                                               **1441(b)**
19
   WASHINGTON MUTUAL, NA, JP MORGAN            (Contra Costa County Superior Court Case No.
20 CHASE, NA, and DOES 1-50 inclusive,         C11-00380)

21                Defendants.                  **[FEDERAL QUESTION JURISDICTION]**

22

23

24

25

26

27

28

SF01DOCS33965.1

                                    NOTICE OF REMOVAL OF CIVIL ACTION

1  **TO PLAINTIFF CHRISTOPHER RUGGIERI, HIS ATTORNEY OF RECORD,**

2  **AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

3      PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

4  JPMORGAN CHASE, N.A., ( "Defendant") hereby removes the above-referenced action filed by

5  Plaintiff Christopher Ruggieri ("Plaintiff"), from the Superior Court of the State of California,

6  County of Contra Costa, to the United States District Court for the Northern District of California,

7  and in support of this removal state as follows:

8  **PROCEDURAL HISTORY**

9      1.    On or about March 22, 2011, Plaintiff filed a Complaint in the Superior Court of

10  the State of California, County of Contra Costa entitled *Christopher Ruggieri, an individual, v.*

11  *Washington Mutual, NA, et al.*, Contra Costa County Case No. C11-00380. The Complaint

12  alleges violation of the Truth In Lending Act 15 U.S.C. § 1601 et. seq., violations of Business and

13  Professions Code Section 17200, fraud, breach of implied convenant of good faith and fair

14  dealing, breach of contract, violations of RESPA, 12 U.S.C. 2601 et. seq., injunction, and

15  rescission. A true and correct copy of the Summons and Complaint is attached as Exhibit "1."

16      2.    Neither Defendant has been properly served to date, and no Proof of Service has

17  been filed with the Contra Costa Superior Court. Because Defendant Washington Mutual, NA has

18  not been served, its consent is not required to remove. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th

19  Cir. 1994) (overruled on other grounds). However, Defendant hereby accepts service, and

20  removes this case to federal court. This Notice of Removal is being filed on June 3, 2011 and is

21  timely under 28 U.S.C. § 1446(b).

22  **BASIS FOR REMOVAL JURISDICTION**

23      3.    This action is a civil action of which this Court has original jurisdiction under 28

24  U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the

25  provisions of 28 U.S.C. § 1441(b), in that Plaintiff alleges claims under the Truth in Lending Act,

26  15 U.S.C. 1601 et seq., specifically the Right of Rescission codified in 15 U.S.C. 1635 and

27  RESPA, 12 USCA 2601 et seq., specifically a lender's duty to respond to borrower's inquiries

28  codified in 15 U.S.C. 2605. (*See* Compl. Pages 1:25, 2:24-3:9, and 3:23-4:15.)

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111

4.     To the extent Plaintiff's Complaint states causes of action not based on federal question jurisdiction, this Court has supplemental jurisdiction. Those claims arise from the same set of operative facts relating to the purported failure to properly disclose the details of the loan and are premised on the same alleged violations of Plaintiff's federal law claims. (*See* Compl. Pages 3:10-22, and 4:17-5:5.) Accordingly, Plaintiff's state-law claims are related to Plaintiff's federal question claims, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. Section 1367(a).

### NOTICE TO STATE COURT

5.     A copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the County of Contra Costa as an exhibit to the Notice of Defendant's Filing of Notice to Adverse Parties and State Court of Removal of Civil Action to Federal Court. A copy of the Notice of Removal being filed in state court is attached hereto (without exhibits) as Exhibit "2."

### INTRADISTRICT ASSIGNMENT

6.     Pursuant to Local Rules 3-2(c) and (d), the San Francisco/Oakland division of the Northern District of California has jurisdiction over this Action, because this Action arises in the County of Contra Costa and is being removed from the Superior Court for the County of Contra Costa.

WHEREFORE, Defendant hereby gives notice that the above action now pending in the Superior Court of the State of California for the County of Contra Costa is removed in its entirety to this Court.

Dated: June 3, 2011

BRYAN CAVE LLP
Stuart Price
Deborah Goldfarb
Thomas Lee

By: _____
Thomas S. Lee
Attorneys for Defendant
JPMORGAN CHASE, N.A.

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JP Morgan Chase, N.A., Washington Mutual, N.A., and Does 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Christopher Ruggieri, *an individual*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2011 MAR 22 P 1:37

D. Weber, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Contra Costa County Court<br>725 Court Street, Martinez, CA 94533 | CASE NUMBER:<br>*(Número del Caso):* C11-00380 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

2420 Sand Creek Road, #C-1352, Brentwood, CA 94513  (925) 785-3678

| DATE: 03-22-11<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1   Raymond V. Patton, Esq. (SBN 196791)
2   2420 Sand Creek Road, #C-1352
    Brentwood, CA 94513
3   Tel: (925) 785-3678
    Fax: (925) 605-3751
4
    Attorney for Plaintiff
5   Christopher Ruggieri





6

7                    SUPERIOR COURT OF CALIFORNIA

8                    COUNTY OF CONTRA COSTA

9                        Unlimited Jurisdiction          C11- 00380

10   Christopher Ruggieri, an individual      Case No.:
                                              C11-0038 C
11                    Plaintiff
                                              Complaint for Breach of Contract,
12   v.                                       Violation of Predatory Lending Laws, and
                                              Memorandum of Points and Authorities in
13   WASHINGTON MUTUAL, NA, JP                Support of Motion for Preliminary
     MORGAN CHASE, NA, and DOES 1 thru 50     Injunction
14   inclusive;
15                    Defendants.
                                              PER LOCAL RULE 5 THIS
16                                            CASE IS ASSIGNED TO
                                              DEPT _____ 19
                                     Date:
17                                   Time:
                                     Place:
18

19

20

21   Plaintiff is the owner of the real property located at 227 Loch Lomond , Danville, California

22   94526.  At all times herein, Plaintiff was a resident of Contra Costa County.

23   Plaintiff entered into a loan refinance agreement with Defendant Washington Mutual, NA.

24   Washington Mutual committed numerous violations of predatory lending laws and failed to

25   provide the completed required rescission notices required under Law specifically 15 USC 1635.

26   On September 1, 2010 Plaintiff rescinded the loan with the loan form that the was given by

27                                          1

28

Washington Mutual, NA and he delivered the form to the address described on the form. Please see the rescission form attached as Exhibit "A." The rescission form correctly states the current law that the Plaintiff/borrower has no duty to tender the property received until the bank/lender repays the amount of payments that the bank/creditor received from the borrower. Washington Mutual, NA and JP Morgan chase have failed to return the money paid and they have not objected to Plaintiff's right to rescind. JP Morgan Chase, NA as a successor in interest to Washington Mutual, NA is attempting to proceed with a non-judicial foreclosure also known as a trustee sale.

The true identities of some defendants are unknown and those individuals have been sued under the fictitious names Does 1-50. At such time that the identities of the fictitious names are known, at that time, they will be substituted in for the Doe Defendants.

A trustee sale ("the Sale") is presently scheduled for March 23, 2011 at 10:00 A.M. Plaintiff seeks to enjoin the pending sale pending resolution of the numerous issues outlined below, and in the Complaint herein. Plaintiff can meet his burden of showing a likelihood of success on the merits of breach of contract, negligent misrepresentation, breach of covenant of good faith and fair dealing, and violation of California Unfair Bussiness Practices Act and rescission. Furthermore, Plaintiff has rescinded the loan based on the above malfeasance, and is seeking declaratory relief regarding the standing of Defendants to foreclose. Injunctive relief requires irreparable harm which is readily met as Plaintiff will lose his home if the sale is not enjoined. All pieces of real property are particular and money damages are not sufficient to put the Plaintiff back to the position she was in originally.

I. **Defendant failed to provide debtor with 2 copies of the required right to cancel disclosures with the dates filled in and debtors did rescind and cancel the loan within the time frame allowed by law.**

2

The creditor never provided the "four" (4) copies of the right to rescind (two copies for each debtor) and the forms were not properly completed the date of rescission clearly stated for the debtors.  The debtor signed the cancellation form and mailed it on September 1, 2010 which started the 20 day process for the creditor to return the funds that the creditor received from the debtor/Plaintiff.  *15 USCA § 1635 (b)* also see *Sosa* v *Fite* 498 Fed.2nd 114 interpreting the law. The creditor failed to refund the Plaintiff's money he paid and the creditor has failed to object to the rescission.

**I. Defendant acted in bad faith and breached the contract by failing to honor the loan the terms of the rescission requirements as stated by law and stated in the agreement.**

The debtor entered into a loan agreement and paid the proper payments under that agreement . At a later time when Debtor became aware of the improper lending procedures that he was a victim of, he properly rescinded the loan as stated in his loan documents.  Debtor/Plaintiff complied with all conditions precedent and therefore, Plaintiff is entitled to proceed with the rescission of the loan.  Debtor was entitled to all of the benefits afforded to a current debtor.

**II. Defendant acted in Bad Faith and are liable damages for Unfair Business Practices**

The Defendants entered into a loan agreement but never intended to follow through with the statutory terms requirement for a loan refinance of a house.  The Defendants refused to repay the Plaintiff the funds that the Plaintiff paid the Defendants.  JP Morgan Chase knew that they had a duty to repay the funds paid but they have attempted to foreclose on the real estate in spite of the the facts and laws relevant to this case.

**III. Defendants failed to respond to plaintiff requests for information in violation of RESPA.**

Under 12 USCA 2605, a servicer must respond to a consumer's qualified written request. Plaintiff has made numerous requests for information showing, that JP Morgan Chase, NA is authorized and maintains the legal capacity to foreclose on the debt which originated from

3

Washington Mutual. Many if not most of the loans being managed by JP Morgan Chase, NA are invalid due to expired and invalid Power of Attorney documents and other documents which purport to create authority that are not recognized in law. However, we have no evidence one way or another as Defendant has failed to provide any evidence of authorization that provides them with authority over the loan. Plaintiff sent at least one Qualified Written Request pursuant to 12 USCA § 2605 seeking information on the transfer of the loan and/or purported authority. Defendant has failed to address the query, and has consistently failed to provide her with the requested information.

**VI.    There are serious indicia of fraud and error that warrant enjoining the Sale.**

The Truth in Lending disclosures were fraudulent/erroneous. Plaintiff was provided with a Final Truth in Lending Disclosure (TIL) at closing. The TIL was signed but the disclosed APR, amount financed and finance charges were different.

Neither TIL was sufficient and both grossly understated the finance charges and APR. Plaintiff has indicated that he considered other lender's products in seeking financing. Based on the APR and other disclosures by lender, he proceeded with the subject loan.

**VII.    Plaintiff has rescinded the loan**

Cal. Civ. Code § 1689(b) provides in pertinent part that:

(b) A party to a contract may rescind the contract... (1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.

4

1    Plaintiff rescinded the loan, in part on the basis of the fraudulent and inaccurate TIL statements

2    describes supra. [1]

3       The effect of a rescission is to void the contract ab initio. Accordingly, the power of Sale

4    clause in the Deed of Trust is void.

5       **A Judicial intervention is needed to spell out rights.**

6       There is substantial likelihood that Plaintiff will succeed on the merits of it numerous claims

7    and defenses. Plaintiff will suffer irreparable harm if Defendants are permitted to proceed with

8    the foreclosure. Defendant has no right to conduct a trustee's sale; and that Plaintiff will suffer

9    irreparable harm if a trustee's sale of her home were conducted before the motion can be heard

10   on its merits.

11      Accordingly, Plaintiff requests Defendant be enjoined from proceeding with the Trustee

12   Sale currently scheduled for March 23, 2011.

13

14   Dated: 3-22-2011

15

16

17

18   By: _____

19      Raymond V. Patton
        Attorney for Plaintiff

20

21

22

23

24

25

26   [1] While not a refinance transaction covered by Reg. Z of the Truth-in-Lending Act which affords

27   a statutory right of rescission, the rationale behind the rule is applicable. The rescission here is
     based on the failure to disclose a material fact in entering the contract. Cal. Civ Code § 1689.

28                                          5

NRTC   NOTICE TO CUSTOMER REQUIRED BY FEDERAL LAW FEDERAL RESERVE REGULATION Z
NOTICE OF RIGHT TO RESCIND (GENERAL)

### NOTICE OF RIGHT TO CANCEL

M28                                        ACCOUNT NO.  3014962157-068

(Identification of Transaction)

#### 1. Your Right to Cancel

You are entering into a transaction that will result in a (mortgage/lien/security interest) (on/in) your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

    (1)    The date of the transaction, which is
           or
    (2)    The date you received your Truth In Lending disclosures;
           or
    (3)    The date you received this notice of your right to cancel.

If you cancel the transaction, the (mortgage/lien/security interest) is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the (mortgage/lien/security interest) (on/in) your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

#### 2. How to Cancel

If you decide to cancel this transaction, you may do so by notifying us in writing, at

    WASHINGTON MUTUAL BANK, FA
    4940 JOHNSON DR. BLDG A., PLEASANTON, CA 94588  925/520-7100

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

SIGNATURE _____   DATE  9/1/2010

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective as to all borrowers/owners.

| BORROWER/OWNER | DATE | BORROWER/OWNER | DATE |
|---|---|---|---|
| CHRISTOPHER RUGGIERI | | DENICA RUGGIERI | |
| BORROWER/OWNER | DATE | BORROWER/OWNER | DATE |

VMP Mortgage Solutions (800)521-7291

*Exhibit A*



# EXHIBIT 2

1   **BRYAN CAVE LLP**
Deborah A. Goldfarb, California Bar No. 246061
2   Thomas S. Lee, California Bar No. 275706
Two Embarcadero Center, Suite 1410
3   San Francisco, CA 94111-3907
Telephone:     (415) 675-3400
4   Facsimile:      (415) 675-3434
E-Mail:          deborah.goldfarb@bryancave.com
5                     tom.lee@bryancave.com

6   **BRYAN CAVE LLP**
Stuart W. Price, California Bar No. 125918
7   3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
8   Telephone:     (949) 223-7000
Facsimile:      (949) 437-8808
9   E-Mail:          swprice@bryancave.com

10

Attorneys for Defendant
11  JPMORGAN CHASE, N.A.

12          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                **FOR THE COUNTY OF CONTRA COSTA**

14

15  CHRISTOPHER RUGGIERI, an individual,          Case No.:  C11-00380

16                     Plaintiff,                **NOTICE TO ADVERSE PARTY AND**
                                                 **STATE COURT OF REMOVAL OF**
17          v.                                   **CIVIL ACTION TO FEDERAL COURT**

18

19  WASHINGTON MUTUAL, NA, JP
MORGAN CHASE, NA, and DOES 1-50
20  inclusive,                                   Complaint Filed:     March 22, 2011
                                                 Trial Date:           Not Assigned
21                     Defendants.

22

23

24

25

26

27

28

SF01DOCS\33964.1

1

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1

2     **TO PLAINTIFF CHRISTOPHER RUGGIERI, HIS ATTORNEY OF RECORD,**

3 **AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

4     **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1446(d), a Notice of Removal

5 of this Action was filed in the United States District Court for the Northern District of California

6 on June 3, 2011, for the purpose of removing this action to federal court.  A copy of said Notice of

7 Removal is attached to this Notice as Exhibit A and is served and filed herewith.

8     Pursuant to 28 U.S.C. § 1446(d), this Court need take no further action with respect to this

9 case "unless and until the case is remanded."

10

11 Dated:  June 3, 2011                         **BRYAN CAVE LLP**

12                                       Stuart Price
   Deborah Goldfarb

13                                       Thomas Lee

14

15                           By: _____

16                                    Thomas S. Lee
   Attorneys for Defendant
   JPMORGAN CHASE, N.A.

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

SF01DOCS\33964.1                2

NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL